**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**NICHOLAS EUGENE ZACKERY**                                                          **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 1:22-CV-P152-GNS**

**STEPHEN HARMON** *et al.*                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow one claim to proceed, and provide Plaintiff the opportunity to file an amended complaint.

**I.**

Plaintiff Nicholas Eugene Zackery is incarcerated as a convicted prisoner at Warren County Regional Jail (WCRJ). Plaintiff sues Warren County Regional Jail (WCRJ), WCRJ Jailer Stephen Harmon, and Southern Health Partners (SHP), the "medical" entity at WCRJ. Plaintiff sues Defendant Harmon in both his official and individual capacities.

Plaintiff makes the following allegations in the complaint:

On February 14th of 2022, at approximately 10:00 am Plaintiff [] started having violent seizures . . . . Prior to incident Plaintiff was in "overflow" [] for 3 days with no medication being given to him. Medical records will show that Plaintiff is to receive seizure medication due to a history of violent seizures. When this seizure was observed and medical staff notified, Plaintiff was placed in medical observation, emergency services were called and Plaintiff was taken to the medical center of Bowling Green. At this time, Plaintiff was finally given Capra intravenously, and the doctor on call stated to jail deputies that without this medication seizures would continue. Plaintiff was discharged to deputies with needed prescription for seizures. After several weeks, for no apparent reason, Psychiatric Nurse Morgan at the jail changed the milligram of Plaintiff's prescription which led to another bout of seizures on March 13, 2022, Plaintiff was taken back to the hospital. Doctor on call reiterated that medicines Plaintiff was taking were for his long standing history of seizures and neither milligrams or

dosing were to change if seizures were to be prevented. To date, the medical staff has again changed Plaintiff's medicine and while no seizures have yet occurred, Plaintiff experiences uncontrollably side effect, i.e. profusely sweating.

Now date 9-2-22 still having seizures and meds [are] still being changed up . . . .

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The WCRJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Warren County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claim against Defendant Harmon is against his employer, which is also Warren County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Moreover, the same analysis

that applies to § 1983 claims against a municipality, such as Warren County, applies to § 1983 claims against a private entity contracted to provide medical services to inmates, such as SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (*Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").

Neither a municipality, such as Warren County, nor a contracted private entity, such as SHP, can be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality or contracted entity and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim against either a municipality or a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality or contracted entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Warren County or SHP. Thus, Plaintiff's claims against Defendants WCRJ and SHP and his official-capacity claim against Defendant Harmon must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's individual-capacity claim against Defendant Harmon is also subject to dismissal. Because the complaint sets forth no allegations again Defendant Harmon, the Court assumes that Plaintiff seeks to hold him liable in his supervisory role as the WCRJ Jailer. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Harmon was actively involved in the alleged violation of Plaintiff's constitutional rights, the individual-capacity claim against him must be dismissed for failure to state a claim upon on which relief may be granted.

Before dismissing this action, however, the Court will provide Plaintiff the opportunity to file an amended complaint in which he names as Defendants the individual medical personnel, such as Nurse Morgan, who he alleges either failed to give him his seizure medication or altered the prescription in some way. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants WCRJ, SHP, and Harmon are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, Plaintiff may file an amended complaint in which he **1) names as Defendants any medical personnel who allegedly violated his constitutional rights by failing to give Plaintiff his seizure medication or altering the prescription in some way; 2) sues these Defendants in their individual capacities; and 3) completes a summons form for each newly named Defendant.**[1]

If Plaintiff fails to file an amended complaint, the Court will dismiss this action for the reasons set forth above.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants WCRJ, SHP, and Harmon as parties to this action**.

The **Clerk of Court** is further **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with four blank summons forms, for his use should he decide to file an amended complaint.

Date: January 31, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Warren County Attorney
4416.011

---

[1] Regarding the completion of the summon form, Plaintiff must: (1) prepare a summons each Defendant; (2) write or type the Defendant's name and address on the summons in the space provided; (3) write or type Plaintiff's name in the space provided; (4) **do not** fill in any other part of the summons form and **do not** mail the summons to any of the Defendants.